UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Luis Hernandez-Diaz,　　　　　　　　　　　　　　File No. 22-cv-2218 (ECT/DLM)

　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　**OPINION AND ORDER**

Experian Information Solutions, Inc.,

　　　　　Defendant.

---

Andrew John Ratelle, Edina, MN, for Plaintiff Luis Hernandez-Diaz.

Trevor Parkes, Jones Day, Minneapolis, MN, for Defendant Experian Information Solutions, Inc.

---

　　　　In this case removed from Hennepin County District Court, Plaintiff Luis Hernandez-Diaz claims that Defendant Experian Information Solutions violated the Fair Credit Reporting Act ("FCRA"). Experian seeks judgment on the pleadings or, alternatively, summary judgment. The motion will be granted. Each of three grounds independently justifies the case's dismissal: (1) Hernandez-Diaz did not respond at all to Experian's motion. He filed no responsive brief, and his counsel did not appear at the hearing. Courts ordinarily construe a complete, unexplained failure to respond to a dispositive motion as a waiver of a plaintiff's claims, and no reason is apparent why this rule should not be applied here. (2) Hernandez-Diaz does not allege facts in his complaint plausibly showing FCRA violations, making judgment on the pleadings appropriate in Experian's favor. (3) Hernandez-Diaz failed to respond to Experian's requests for

admissions. Those requests concerned a host of dispositive factual matters that, by virtue of Hernandez-Diaz's failure to respond, are deemed admitted. And these admitted matters, in turn, would make the entry of summary judgment in Experian's favor proper.

*The complaint's allegations.* Hernandez-Diaz alleges that Experian is a consumer reporting agency. Compl. [ECF No. 1-1] ¶ 4. He alleges that Experian "prepared and issued consumer reports concerning Plaintiff that included false and inaccurate information," damaging his credit score. *Id*. ¶ 6 and at 3. Hernandez-Diaz claims to have notified Experian of the inaccuracies via certified mail on June 22, 2021, November 17, 2021, and March 23, 2022, but he alleges that Experian neither responded to his notifications nor deleted the allegedly inaccurate information. *Id*. ¶¶ 8–10. Hernandez-Diaz says that unnamed potential lenders reviewed the inaccurate information, resulting in him being "excluded from the benefits of the credit system." *Id*. ¶¶ 11–12. Hernandez-Diaz alleges this caused him "anger, frustration, anxiety, [] humiliation," and related health problems, and also violated his right to information and privacy. *Id*. ¶¶ 12–13, 20, 23. He seeks compensatory and statutory damages, attorneys' fees and costs, and injunctive relief. *Id*. at 8.

*Relevant procedural background.* Hernandez-Diaz served Experian with his complaint on August 23, 2022. ECF No. 1 ¶ 1. Experian removed the case on September 12, 2022. ECF No. 1. Experian answered Hernandez-Diaz's complaint a week later, on September 19. ECF No. 5. Following entry of a scheduling order, ECF No. 10, Experian served Hernandez-Diaz with various discovery requests, including requests for admissions, *see* ECF No. 15 ¶¶ 3, 8–9 and Ex. A. Experian served the requests for admissions on

January 27, 2023. *Id.* ¶ 8. Hernandez-Diaz has not responded to Experian's requests for admissions. *Id.* ¶ 11. (Nor has Hernandez-Diaz responded to other written discovery requests served by Experian. *Id.* ¶¶ 3, 5, 7, 10, 14.) Experian filed its motion for judgment on the pleadings or, alternatively, for summary judgment on March 10, 2023. ECF Nos. 12–17. Hernandez-Diaz's response to the motion was due to be filed on or before March 31, 2023. D. Minn. LR 7.1(c)(2). Hernandez-Diaz did not respond to Experian's attempts to meet and confer regarding the motion and has filed no response to the motion. ECF No. 15 ¶ 11.

*The lack of any response to the motion.* Hernandez-Diaz's failure to respond to Experian's motion constitutes a waiver, and the motion could be granted on just this basis. *See Hernandez-Diaz v. Equifax Info. Servs.*, No. 22-cv-2302 (JRT/JFD), 2023 WL 2025123, at *2 (D. Minn. Feb. 15, 2023); *see also Cox v. Harpsted*, No. 22-cv-0478 (PJS/DJF), 2022 WL 16541087, at *1 (D. Minn. Oct. 28, 2022) (accepting report and recommendation and agreeing that the plaintiff's "failure to respond to defendants' motion to dismiss amounts to waiver"). This isn't the first time Hernandez-Diaz and his counsel have failed to respond to a dispositive motion in an FCRA case. In *Hernandez-Diaz v. Equifax Info. Servs.*, Hernandez-Diaz—represented by the same counsel who represents him in this case—brought FCRA claims against Equifax in Hennepin County District Court using a complaint that is word-for-word identical to the complaint Hernandez-Diaz served on Experian in this case. *See Hernandez-Diaz v. Equifax Info. Servs.*, No. 22-cv-2302 (JRT/JFD), ECF No. 1-1. Equifax removed that case to this Court and moved to dismiss under Rule 12(b)(6). *Id.*, ECF Nos. 1, 8. Hernandez-Diaz didn't respond at all to Equifax's

3

motion, prompting Judge John R. Tunheim to grant the motion.  *Hernandez-Diaz*, 2023 WL 2025123, at *2.  Though Judge Tunheim also determined that the merits of Equifax's motion favored dismissal, he noted first that federal district courts "interpret[] a failure to respond to a motion to dismiss as a waiver and voluntary dismissal of those claims."  *Id.*  As a result, Judge Tunheim concluded: "Accordingly, the Court must dismiss Hernandez-Diaz's complaint under Rule 12(b)(6)."  *Id.*  The fact that this is the second time Hernandez-Diaz's counsel has failed to respond at all to a dispositive motion raises questions and concerns.  Leaving those aside, Hernandez-Diaz's counsel cannot claim to be surprised by this outcome.

*Judgment on the pleadings.*  A Rule 12(c) motion for judgment on the pleadings is assessed under the same standard as a Rule 12(b)(6) motion.  *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).  In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted).  Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  The complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The basic problem with Hernandez-Diaz's complaint here is that it lacks essential factual content. Hernandez-Diaz alleges violations of six HCRA provisions: 15 U.S.C. §§ 1681c(a), 1681c-1, 1681c-2, 1681e(b), 1681(g), and 1681i. *See* ECF No. 1-1 ¶ 20. Section 1681c(a) concerns the removal of obsolete information from a consumer report, but the complaint does not allege what information in Hernandez-Diaz's credit report might be obsolete. Sections 1681c-1 and 1681c-2 concern fraud alerts and identity theft, but the complaint alleges no facts regarding fraud or identity theft. Section 1681e(b) requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy" of the information included in a consumer report. 15 U.S.C. § 1681e(b). "To plead a viable claim under § 1681e(b), a plaintiff must plausibly allege that (1) his report was inaccurate in some way and (2) the inaccuracy was due to the [consumer reporting agency's] failure to follow reasonable procedures." *Desautel v. Experian Info. Sol.*, *LLC*, No. 19-CV-2836 (PJS/LIB), 2020 WL 2215736, at *2 (D. Minn. May 7, 2020). The complaint here alleges only generically that Experian prepared and issued credit reports containing "false and inaccurate information" about Hernandez-Diaz. Compl. ¶ 6. It does not identify what information was false or inaccurate. Section 1681g concerns disclosures of consumer information upon request, but the complaint does not allege a disclosure request ever was made. Section 1681i requires consumer reporting agencies to "conduct a reasonable reinvestigation" when a consumer notifies the agency of a dispute regarding the completeness or accuracy of information in the consumer's file. 15 U.S.C. § 1681i(a)(1). "Courts have repeatedly held that, to recover from a [consumer reporting agency] under § 1681i(a)(1)(A), the consumer must (1) point to an item of information contained in the

5

[consumer reporting agency's] file and (2) prove that the item of information is inaccurate." *Desautel*, 2020 WL 2215736, at *4 (D. Minn. May 7, 2020). The complaint does not allege either of these things. Owing to all of these essential-but-missing allegations, Experian's Rule 12(c) motion will be granted.

*Summary judgment.* Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if its resolution might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.

Experian's (alternative) summary-judgment motion is premised on (1) Hernandez-Diaz's failure to respond to Experian's requests for admissions and (2) Experian's argument—based on Rule 36(a)(3)—that this means the matters that are the subject of those requests are admitted. Rule 36(a)(3) provides that "[a] matter is admitted unless . . . the party to whom the request is directed" timely serves a signed, written answer or objection on the requesting party "within 30 days after being served," though a "shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. P. 36(a)(3). The Eighth Circuit has made clear that that "the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted." *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir. 1983).

6

Because the rule explicitly provides that courts may allow a longer time to respond, *see* Fed. R. Civ. P. 36(a)(3), a court possesses discretion to permit responses that otherwise would be untimely. *Gutting*, 710 F.2d at 1312 (collecting cases). Under *Gutting*, a party's service of a late response under Rule 36 may function as a withdrawal of—or at least, an attempt to withdraw—its admissions. *See id.* at 1313. And courts may permit withdrawal or amendment under Rule 36 when doing so promotes the presentation of the merits of the action and when the party who obtained the admissions "fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense of the merits." *Id.* (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 36(b) (test for amending or withdrawing admission). Failure to consider both factors in determining whether to permit withdrawal or amendment constitutes error. *See Gutting*, 710 F.2d at 1313.

The problem here is that Hernandez-Diaz has remained utterly non-responsive and silent with respect to Experian's requests for admissions. In other words, though the law left plenty of room for Hernandez-Diaz to ask for more time to respond to the requests or seek to withdraw his admissions, Hernandez-Diaz hasn't done any of these things. In this situation, and in the absence of record evidence that might explain or justify his non-responsiveness, the better answer is to find that Hernandez-Diaz's failure to answer or object to Experian's requests for admissions means that the matters that are the subjects of those requests are admitted. And those admitted matters are fatal to Hernandez-Diaz's claims. The admitted matters include facts essential to Hernandez-Diaz's FCRA claims. *See* ECF No. 15-1 at 3–4. For example, as discussed above, Hernandez-Diaz has no claim

under Sections 1681i and 1681e(b) absent an inaccuracy. *See Paul v. Experian Info. Solutions, Inc*., 793 F. Supp. 2d 1098, 1101–04 (D. Minn. 2011). But Experian's now-admitted requests include an admission that "Experian has never provided inaccurate information in Plaintiff's Credit Report." ECF No. 15-1 at 4. Hernandez-Diaz has admitted that "Experian followed reasonable procedures to ensure maximum possible accuracy of the information Experian reported with respect to Plaintiff," and that he "was not damaged as a result of any act or omission on the part of Experian." *Id.* at 3. These admissions preclude Hernandez-Diaz from making the prima facie showing necessary to support a § 1681e(b) claim. *See Paul*, 793 F. Supp. 2d at 1101–02. Hernandez-Diaz also has admitted he "never contacted Experian to dispute information appearing on Plaintiff's Credit Report or Plaintiff's Credit Disclosure." ECF No. 15-1 at 3. This means his claims under Sections 1681c-1 and 1681c-2 cannot survive summary judgment. Finally, Hernandez-Diaz's admission that "Experian has never failed to provide Plaintiff with a copy of Plaintiff's Credit Disclosure in response to any request by Plaintiff," *id*. at 4, is fatal to Hernandez-Diaz's § 1681g claim. For these reasons, if judgment on the pleadings against Hernandez-Diaz's claims were not appropriate, summary judgment would be.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendant Experian Information Solutions, Inc.'s Motion for Judgment on the Pleadings and Alternative Motion for Summary Judgment [ECF No. 12] is **GRANTED**.

2. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 22, 2023

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court